UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOE RODRIGUEZ,
    Plaintiff,

v.                                      Case No: 6:20-cv-886-Orl-37GJK

TORTILLERIA EL PROGRESO, INC. and
MARIA A. ACEVEDO-LUNA,
    Defendants.
_____/

## AMENDED SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. §201, ET SEQ.

This Settlement Agreement and Release of Claims under the Fair Labor Standard Act (the "Agreement") is made by and between Plaintiff, NOE RODRIGUEZ ("hereinafter the Plaintiff") and Defendants, TORTILLERIA EL PROGRESO, INC. and MARIA A. ACEVEDO-LUNA ("hereinafter the Defendants") (collectively the "Parties").

**WHEREAS,** the Plaintiff instituted the above captioned a civil action in the United States District Court, Middle District of Florida, Orlando Division, against the Defendants, in which he asserted claims under the Fair Labor Standards Act (hereinafter the "FLSA");

**WHEREAS,** the Defendants deny any and all such claims asserted by the Plaintiff under the FLSA and maintain that the Plaintiff was paid in accordance with all applicable laws;

**WHEREAS,** the Parties recognize that a trial on the issues involved in this matter would be expensive and inconvenient and desire that this matter should be disposed of without a trial in order to avoid these issues; and

**WHEREAS,** the Parties have settled all differences between them in the Complaint as to the claims asserted for violation of the FLSA in the aforementioned civil action.

**NOW, THEREFORE,** in consideration of the premises and mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby

Page 1 of 6

acknowledged, it is hereby

**STIPULATED AND AGREED** by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1. **RECITALS:** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLSA CLAIMS:**

    a. This Agreement shall constitute a release of all claims Plaintiff might have under the FLSA against Defendants.

    b. Upon execution of this Agreement, the parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal of this case with prejudice.

    c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendants, its owners, officers, directors, shareholders, members, employees, agents, insurers, parent corporations, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, owners, officers, employees, agents, insurers and assigns, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys (collectively "Releasees") of and from any and all claims under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of the execution of this Agreement.

3. **SETTLEMENT SUMMARY:**

    a. If the parties receive an Order from the Court approving this settlement and dismissing this case with prejudice, then within fourteen (14) days of the Court's approval of the Joint Motion, Defendants will pay to Plaintiff the total sum of $9,660.00, paid as described below:

    - Three Thousand Two Hundred and Fifty U.S. Dollars and 0 cents ($3,250.00) made payable to NOE RODRIGUEZ, as and for overtime compensation allegedly due

NOE RODRIGUEZ pursuant to the FLSA; which amount shall be subject to deductions, or withholding and for which an IRS Form W-2 shall issue to NOE RODRIGUEZ;

- Three Thousand Two Hundred and Fifty U.S. Dollars and 0 cents ($3,250.00) made payable to NOE RODRIGUEZ, as and for liquidated damages allegedly due NOE RODRIGUEZ pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to NOE RODRIGUEZ; and

- Three Thousand One Hundred and Sixty U.S. Dollars and 0 cents ($3,160.00), made payable to CYNTHIA GONZALEZ, P.A., as attorney's fees and costs incurred in connection with NOE RODRIGUEZ's claims under the FLSA and for which separate IRS Forms 1099 shall issue to CYNTHIA GONZALEZ, P.A. and NOE RODRIGUEZ.

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of FLSA claims contained herein, and his fulfillment of the promises contained herein.

b.   Defendants make no representation as to the taxability of the amounts paid to Plaintiff. In turn, Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid by him with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendants and hold Defendants harmless from any interest, taxes, or penalties assessed against them by any government agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorney under the terms of this Agreement.

c.   The Plaintiff agrees not to seek any personal references from Defendants, other than listing them as a prior employer. Upon inquiry, Defendants agree to provide only verification of the Plaintiff's dates of employment and last position held.

4. **AFFIRMATIONS:** Plaintiff affirms that payment of the amounts set forth herein represents a compromise of disputed amounts. He also affirms that he has been paid and/or will have received pursuant to the payment herein, all attorney's fees and costs in connection with this action.

Doc ID: f5dba191a393c85fbb1fe32d16dd53d31b78eb45

5. **NO ADMISSION:** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct or any kind or violation by the Releasees.

6. **OPPORTUNITY TO REVIEW:** Plaintiff acknowledges that he is aware that he is giving up all FLSA claims he may have against Releasees. Plaintiff acknowledges that he has been advised in writing to consult with an attorney, has had the opportunity to seek legal advice before executing this Agreement, and in fact, sought legal advice from his counsel, Cynthia Gonzalez of Cynthia Gonzalez, P.A., before executing this Agreement. Plaintiff signs this Agreement voluntarily.

7. **SEVERABILITY:** Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **VENUE AND GOVERNING LAW:** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida, Orlando Division and Florida state court.

9. **JURISDICTION:** The parties agree that the United States District Court Middle District of Florida Orlando Division and any competent Florida state court shall have jurisdiction over the parties and subject matter.

10. **ATTORNEY'S FEES IN THE EVENT OF BREACH:** In the event that any party breaches any provision of this Agreement, the Parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be

Doc ID: f5dba191a393c85fbb1fe32d16dd53d31b78eb45

entitled to recover attorney's fees and costs from the non-prevailing party in any enforcement action.

11. **ENTIRE AGREEMENT:** This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of the Plaintiff's FLSA claims asserted in this case. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

12. **EXECUTION IN COUNTERPARTS:** This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument.

13. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HABE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND

Doc ID: f5dba191a393c85fbb1fe32d16dd53d31b78eb45

KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE UNDER THE FLSA AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated on this ____ day of July, 2020.

07 / 23 / 2020
_____
NOE RODRIGUEZ

Dated on this 24th day of July, 2020.

_____
TORTILLERIA EL PROGRESO, INC.
Name: Maria Angelica Acevedo
Title: owner

Dated on this 24th day of July, 2020.

_____
MARIA A. ACEVEDO-LUNA

Doc ID: f5dba191a393c85fbb1fe32d16dd53d31b78eb45